**Michael Fuller, OSB No. 09357**
Lead Attorney for Plaintiff
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-201-4570

(additional counsel on signature page)

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **WYATT MANN,** an Oregon consumer, individually and on behalf of all others, | Case No. 6:18-cv-28 |
| | **CLASS ACTION ALLEGATION COMPLAINT** |
| Plaintiff, | Unlawful Trade Practices |
| | Unjust Enrichment |
| v. | |
| | 28 U.S.C. § 1332 |
| **INTEL CORPORATION,** a Delaware corporation, | |
| | Demand for Jury Trial |
| Defendant. | |

**COMPLAINT** – Page 1 of 12

1.

## THE PARTIES

Defendant Intel Corporation (Intel) is a Delaware corporation that regularly advertises and sells microchips used in billions of consumer computers, smartphones and devices across the globe. For the past few months, Intel has been aware of a material defect in its microchips that leaves its customers susceptible to unauthorized access by hackers. The material defect lets hackers compromise the privileged memory of Intel's processors by exploiting the way processes run in parallel. The material defect also lets hackers use code running in a browser to access memory in the attacker's process, potentially exposing customers' passwords and personal information. Intel knew of the material defect in its microchips and intentionally chose not to disclose the defect to its customers. Intel's material defect can be patched – but patched computers, smartphones and devices suffer reduced performance.

2.

Plaintiff Wyatt Mann is an individual consumer residing in Oregon. Like thousands of other consumers, plaintiff responded to Intel's advertisements in the past few months by paying to purchase a Lenovo computer with an Intel microchip for $1,999.97 on December 11, 2017 from Best Buy.

**COMPLAINT** – Page 2 of 12

3.

Plaintiff relied on Intel's advertisements and representations about the features and performance of its microchip and would not have purchased Intel's microchip had he known it would require a patch that would materially reduce its advertised performance rate.

4.

**JURISDICTION AND VENUE**

This Court has jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $15 billion, based on $200 statutory damages per consumer and Intel's estimated 2017 fourth quarter sales revenue of $16.3 billion. Venue is proper under 28 U.S.C. § 1391 because Intel advertised its microchip to plaintiff here and Intel carries on substantial microchip advertising, production and sales in Oregon. This complaint's allegations are based on personal knowledge as to plaintiff's conduct and made on information and belief as to the acts of others.

5.

## FACTUAL ALLEGATIONS

For the past few months, Intel has advertised performance data to the public for its microchips, including on product packaging and in its online and written sales materials. Intel knew, and intentionally failed to disclose to the public that its microchips contained a material defect that left its customers' computers, smartphones and devices susceptible to unauthorized access by hackers. News of the material defect was made public for the first time on Tuesday, January 2, 2018. While patches are available to treat the material defect in Intel's microchips, experts say that the patches will cause slowdowns, some as drastic as 25 percent to 30 percent depending on the computer, smartphone or device.

6.

Intel's failure to disclose the material defect in its microchips has caused ascertainable losses to thousands of consumers like plaintiff who would not have purchased Intel microchips had they known of the material defects, and who were left with a microchip slower and less valuable than they could have purchased for the same price from one of Intel's competitors that did not contain a material undisclosed defect.

7.

## CLASS ALLEGATIONS

Plaintiff files this complaint as a national class action lawsuit. The class consists of consumers who:

a) Purchased an Intel microchip, or purchased a computer, smartphone or other device containing an Intel microchip,

b) After the date on which Intel became aware its microchips contained a material defect as alleged in this complaint, and

c) Who suffered ascertainable loss based on Intel's intentional failure to disclose the known material defect in its microchips.

8.

Excluded from the class are all attorneys for the class, officers and members of Intel, including officers and members of any entity with an ownership interest in Intel, or its parent or subsidiary companies, any judge who sits on the case, and all jurors and alternate jurors who sit on the case.

9.

The exact number of aggrieved consumers, which is well into the thousands based on Intel's sales volume, can be determined with Intel's sales records and data.

10.

Every aggrieved consumer misled by Intel's intentional failure to disclose the material defect in its microchips as alleged in this complaint suffered an actual ascertainable loss of the purchase price they paid for their microchip. But for Intel's failure to disclose the known defect in its microchips, plaintiff and the members of the putative class would not have bought Intel's microchips and would have instead purchased a microchip from one of Intel's competitors for the same price that did not suffer from a material defect.

11.

Intel's behavior as alleged in this complaint willfully violated the UTPA, including ORS 646.608(1)(t). This UTPA violation is common to the putative class.

12.

The class is so numerous that joinder is impracticable. Upon information and belief, the class includes thousands of members, based on Intel's reported sales records and data.

13.

Common questions of fact and law predominate over any questions affecting only individual class members. Common questions include whether plaintiff and the class members are entitled to equitable relief, whether Intel acted willfully, recklessly, knowingly, and intentionally, whether plaintiff and the class members are entitled to recover actual damages or statutory damages or punitive damages from Intel, and whether plaintiff and the class are entitled to recover fees and costs for Intel's UTPA violation.

14.

Plaintiff's claims are typical of the claims of the class because each was misled by Intel's failure to disclose, the injuries suffered by plaintiff and the class members vary only in the amount paid for Intel's microchips, and plaintiff's claim for relief is based upon the same legal theories as are the claims of the other class members. Plaintiff will fairly and adequately protect and represent the interests of the class because his claim is typical of the claims of the class, he is represented by nationally known and locally respected attorneys who have experience handling class action litigation and consumer protection cases who are qualified and competent, and who will vigorously prosecute this litigation, and their interests are not antagonistic or in conflict with the interests of the class.

15.

A class action is superior to other methods for fair and efficient adjudication of this case because common questions of law and fact predominate over other factors affecting only individual members, as far as plaintiff knows, no class action that purports to include customers suffering the same injury under Oregon law has been commenced, individual class members have little interest in controlling the litigation, due to the high cost of actions, the relatively small amounts of damages, and because plaintiff and his attorneys will vigorously pursue the claims. The forum is desirable because Intel carries on substantial microchip advertising, production and sales in Oregon. A class action will be an efficient method of adjudicating the claims of the class members who have suffered relatively small damages, as a result of the same conduct by Intel. In the aggregate, class members have claims for relief that are significant in scope relative to the expense of litigation. The availability of Intel's sales records and data will facilitate proof of class claims, processing class claims, and distributions of any recoveries.

16.

## NATIONAL CLASS CLAIMS FOR RELIEF

– Claim 1 –

**VIOLATION OF ORS 646.608**

Intel willfully, recklessly, knowingly and intentionally violated ORS 646.608 as alleged above, causing plaintiff and the class ascertainable losses.

17.

Plaintiff and the class are entitled to equitable relief in the form of an accounting, restitution, and unless agreed upon by Intel, an order to preserve all sales data and sales records and documents and information (and electronically stored information) pertaining to this case. Plaintiff and the class are entitled to recover actual damages or $200 statutory damages, whichever is greater, interest and fees and costs under ORS 646.638. Intel's violation of the UTPA as alleged above was reckless, in pursuit of profit, and constituted a wanton, outrageous and oppressive violation of the right of consumers to be free from unlawful trade practices. Plaintiff and the class are entitled to recover punitive damages under ORS 646.638.

18.

## – Claim 2 –

## UNJUST ENRICHMENT

As a matter of justice and equity, Intel should not be able to retain the profits it obtained from purchases of its microchips by plaintiff and the class under these circumstances. Plaintiff and the class are entitled to restitution based on Intel's intentional and knowing failures to disclose material defects and unjust enrichment as alleged in this complaint.

19.

Demand for jury trial.

## PRAYER FOR RELIEF

Plaintiff seeks relief for himself and the proposed class as follows:

**A.** Unless agreed upon by Intel, an order to preserve all sales records and sales data and documents and information (and electronically stored information) pertaining to this case,

**B.** An order certifying this matter as a class action,

**C.** Judgment against Intel for actual, statutory, and punitive damages, interest, and reimbursement of fees and costs,

**D.** And other relief the Court deems necessary.

January 4, 2018

            **RESPECTFULLY FILED,**

            s/ Michael Fuller
            **Michael Fuller, OSB No. 09357**
            Lead Attorney for Plaintiff
            Olsen Daines PC
            US Bancorp Tower
            111 SW 5th Ave., Suite 3150
            Portland, Oregon 97204
            michael@underdoglawyer.com
            Direct 503-201-4570

(additional counsel information on next page)

**COMPLAINT** – Page 11 of 12

| | |
|---|---|
| **Rex Daines, OSB No. 952442**<br>Of Attorneys for Plaintiff<br>Olsen Daines PC<br>US Bancorp Tower<br>111 SW 5th Ave., Suite 3150<br>Portland, Oregon 97204<br>rdaines@olsendaines.com<br>Phone 503-362-9393 | **Kelly Jones, OSB No. 074217**<br>Of Attorneys for Plaintiff<br>kellydonovanjones@gmail.com |

**Robert Le, OSB No. 094167**
Of Attorneys for Plaintiff
rl@robertlelaw.com

## PROOF OF MAILING

Under ORS 646.638(2), I declare and certify that on the date below I caused a copy of this complaint to be mailed to the Oregon Attorney General at the following address:

**Ellen Rosenblum**
**Oregon Attorney General**
**Oregon Department of Justice**
**1162 Court Street NE**
**Salem, Oregon 97301-4096**

January 4, 2018

s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Lead Attorney for Plaintiff
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-201-4570

**COMPLAINT** – Page 12 of 12